## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SEAN HUNTER,**

      **Plaintiff,**                              **Case No.**
                                                            **HON.**

**vs.**

**NCO FINANCIAL SYSTEMS, INC.,**
**HEMAR INSURANCE CORP. OF AMERICA, and**
**NORWEST BANK OF SOUTH DAKOTA, N.A.**

      **Defendants.**

_____/

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant NCO Financial Systems, Inc. (hereinafter referred to as "NCO") hereby removes the above-captioned civil action from the 56th Judicial Circuit Court, Eaton County, State of Michigan (hereinafter referred to as "the State Court") to the United States District Court for the Western District of Michigan. The removal of this civil action is proper, because:

1.      On or about April 2, 2015 Plaintiff Sean Hunter, through his attorney, initiated in the State Court a civil action entitled "*Sean Hunter, Plaintiff, v. NCO Financial Systems, Inc., Hemar Insurance Corp. of America, and Norwest Bank of South Dakota, N.A., Defendant,*" Case No. 15-000357-CK on the docket of the State Court (hereinafter referred to as "the State Court Action") by filing a "Complaint" (a copy of which is appended hereto as "Exhibit A").

2.      On or about April 2, 2015 the State Court clerk issued a "Summons and Complaint" directed to NCO (a copy of which is appended hereto as "Exhibit B").

3.     On or about April 13, 2015 NCO's agent for service of process, CT Corporation (hereinafter referred to as "CT") received by United States Certified Mail the Summons and Complaint issued by the State Court clerk (Exhibit B) and a copy of the Complaint (Exhibit A) filed by Plaintiff, as reflected in the CT "Service of Process Instant Notification " that CT sent to NCO by e-mail (a copy of which is appended hereto as "Exhibit C").

4.     Exhibits A and B appended hereto are true and correct copies of all process and pleadings filed and entered by Plaintiff and the State Court and served upon defendant NCO in the State Court Action.

5.     Plaintiff's claim against NCO is based upon the U.S. Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as the "FDCPA"), and the Michigan Occupational Code, M.C.L. § 339.101, *et seq*. (erroneously referred to in the Complaint as the "Michigan Collection Practices Act" and hereinafter referred to as the "MOC").

6.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims, because Plaintiff's Complaint filed in the State Court Action presents a federal question arising under the FDCPA.

7.     Pursuant to 28 U.S.C. § 1441, the State Court Action is removable to this Honorable Court, because it is a civil action, brought in a state court, that includes claims arising under the laws of the United States (within the meaning of 28 U.S.C. § 1331) and claims not within the original jurisdiction of this Court, and it would have been removable without the inclusion of the claims not within the original jurisdiction of this Court.

8.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims to the extent that they seek relief against NCO pursuant to the MOC.

2

9.     NCO is filing this Notice of Removal timely under 28 U.S.C. § 1446(b), because NCO is filing it within thirty (30) days after NCO's receipt of the initial pleading setting forth the claim for relief by Plaintiff.

10.    Plaintiff's Complaint also named as defendants Hemar Insurance Corp. of America, and Norwest Bank of South Dakota, N.A. In 2006 Hemar Insurance Corp. of America was acquired by ReliaMax Surety Company. Norwest Bank South Dakota, N.A. is now known as Wells Fargo Bank, N.A. ReliaMax Surety Company, as successor in interest to Hemar Insurance Corp. of America, and Wells Fargo Bank, N.A. have consented to the removal of this civil action. In this regard ReliaMax Surety Company's representative has executed a Consent to Removal (a copy of which is appended hereto as "Exhibit D"), and Wells Fargo Bank, N.A.'s counsel has advised NCO's counsel that he will file in the record of this civil action a concurrence in its removal.

11.    This removal is made without waiver by any defendant of any of its defenses or other rights.

12.    NCO is serving a copy of this Notice of Removal upon Plaintiff, through his attorney, and is concurrently filing with the clerk of court for the State Court a Notice of Filing Notice of Removal (a copy of which is appended hereto as "Exhibit E") which has attached to it a copy of this Notice of Removal.

WHEREFORE, Defendant NCO hereby removes the State Court Action to this Honorable

Court.

COLLINS EINHORN FARRELL P.C.

s/Deborah A. Lujan
DEBORAH A. LUJAN (P46990)
Attorneys for Defendant NCO Financial
Systems, Inc.
4000 Town Center, Suite 909
Southfield, MI  48075
 (248) 355-4141
deborah.lujan@ceflawyers.com

Dated: May 11, 2015

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 11, 2015 a copy of the above and foregoing **NOTICE OF REMOVAL** was filed electronically with the Clerk of the Court and served by United States First-Class Mail, postage prepaid and properly addressed, and by e-mail upon the following counsel of record in the State Court Action:

James Hafke
Hafke Legal Services, PC
4170 Charlar Drive, Suite 1
Holt, MI 48842
*Attorney for Plaintiff*

COLLINS EINHORN FARRELL P.C.

s/Deborah A. Lujan
DEBORAH A. LUJAN (P46990)
Attorneys for Defendant NCO Financial
Systems, Inc.
4000 Town Center, Suite 909
Southfield, MI  48075
 (248) 355-4141
deborah.lujan@ceflawyers.com

# EXHIBIT "A"

20150413 00178897 023

## STATE OF MICHIGAN
## IN THE EATON COUNTY CIRCUIT COURT

Sean Hunter,
        Plaintiff,

v

NCO Financial System, Inc.,
Hemar Insurance Corp of America, and
Norwest Bank South Dakota, NA,
        Defendants

Case No. 15-357 -CK
Hon.

JANICE K. CUNNINGHAM

_____/

James Hafke (P56656)
Hafke Legal Services, PC
4170 Charlar Dr - Suite 1
Holt, MI 48842
(517) 482-3141
Attorney for Plaintiff

### COMPLAINT

NOW COMES the Plaintiff, Sean Hunter, by and through his attorney, James Hafke, Hafke Legal Services, PC and states:

### COMPLAINT

**Introduction:**

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et seq., and the Michigan Collection Practices Act (State Act), MCL 339.901 et seq., which prohibit debt collectors from engaging in abusive, deceptive, unfair practices.

This action also seeks a Declaratory Judgment for Relief under a prior Settlement and Res Judicata.

### Jurisdiction and Parties

1.    Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367 and under the Declaratory Judgment and Res Judicata.



EXHIBIT

A

20150413 00178897 024

2.    Plaintiff is a natural person residing in the state of Arizona.

3.    Defendant, NCO Financial System, Inc., is a corporation that is principally engaged in the business of collecting debts, with its principal place of business at NCO Financial System, Inc., 507 Prudential Road, Horsham, PA 19044

4.  ·  Defendant, Norwest Bank South Dakota, NA ("Norwest Bank"), is a corporation that is principally engaged in the business of giving loans, who entered into a contract with Plaintiff in the State of Michigan, and was also part of the litigation via their agent in case 04-1131-CK.  Principal place of business at Norwest Bank of South Dakota, NA, 1301 N. Cliff Ave., Sioux Falls, South Dakota 57103.

5.    Defendant, Hemar Insurance Corp of America, is a corporation that is principally engaged in the business of collecting debts, with its principal place of business at Hemar Ins Corp of America, 5120 South Solberg Avenue, Sioux Falls, SD 57108-2219.

## Factual Allegations

6.    Between 1990 and 1992, Sean Hunter and Norwest Bank entered into many loans for the educational needs of Sean Hunter ("Norwest Bank Loans").

7.    The Defendants listed in this Complaint are all dealing with loans originating between Norwest Bank and Sean Hunter.  Norwest Bank, over the next 25 years via subsequent assignments and other unknown means, gave the ability to collection on the Norwest Banks Loans to other parties including the listed Defendants in this litigation.

8.    On or about January 3, 2005, Plaintiff settled a law suit over the Norwest Bank Loans under 04-1131-CK in the Eaton County Circuit Court between Norwest Bank via Hemar Ins Corp of America that ended with a Dismissal With Prejudice.  (Dismissal attached as Exhibit A).

9.    The Defendants, Norwest Bank and Hunter, agreed to a global settlement of all Norwest Bank Loans in settlement of the 04-1131-CK matter.

10.   The Norwest Bank Loans were all part of the same transaction between the parties and in fact, the transactions that are part of the Norwest Bank Loans were done on the same carbon copy system with the same signature dates.

2

20150413 00178997 025

11.     Sometime after the settlement in 2005, and despite his continued objections, Hunter started receiving contacts from the above Defendants and others claiming debt from the Norwest Bank Loans.

12.     Hunter provided and explained the global settlement on the 04-1131-CK case repeatedly at which time no further contact was made to Hunter.

13.     On or about January 14, 2015, Hunter was Garnished.

14.     On or about February of 2015, Hunter told the parties about the global settlement on the 04-1131-CK case (date?) of the Norwest Bank Loans.

15.     As of March of 2015, Hunter has reached his wits end and is now forced to file this litigation to gain return of all wrongly taken money and stop this repeated violation of the global settlement of the Norwest Bank Loans.

16.     In short, Plaintiff Hunter, has for over 10 years repeatedly told the Defendants that the Norwest Bank Loans had been paid in full per the 04-1131-CK settlement and Dismissal with prejudice.

17.     Defendants and other(s) have done the follow actions in violation of the Dismissal of the Norwest Bank Loans:

> Garnishment of (Federal) Tax Returns
>
> Garnishment of Wage(s)
>
> Sent collection letters and notices to Plaintiff and employers.

18.     Plaintiff seeks a stop of the actions of the Defendants, plus all costs and violations as allowed under the Law.

### Count I

19.     Plaintiff incorporates by reference paragraphs 1 through 18.

20.     Defendants violated the FDCPA over 25 times. Defendant's violations include, but are not limited to, the following:

    a. Defendants have taken multiple false legal actions in violation of 15 USC 1692e(5) in direct violation of the 04-1131-CK case Dismissal;

    b. Defendants have tried and collected on a debt that is not valid multiple times in direct violation of the 04-1131-CK case Dismissal;

    c. Defendants have repeatedly garnished Plaintiff's tax returns and his wages knowing said debt is not valid;

    d. Defendants have repeatedly tried to collect the wrong amount, add fees and interest;

3

20150413 00178897 026

     e.  Defendants have repeatedly asked for payment for more than is owned.

21.    As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs, and attorney fees.

### Count II

22.    Plaintiff incorporates by reference paragraphs 1 through 21.

23.    Defendants violated the State Act. Defendants' violations include, but are not limited to, the following:

     a.  Defendants have repeatedly made inaccurate, misleading and untrue statement to the Plaintiff in an attempt to collect in violation of the Dismissal of Case 04-1131-CK;

     b.  Defendants have repeatedly made misrepresentation on the legal status of the debt; the right of the Plaintiff, and assigned false debts to third parties;

     c.  Defendants communicated with Plaintiff's employer knowing that the debt in question is not valid;

24.    As a result of Defendants' willful violations of the State Act, Plaintiff suffered actual damages, including emotional distress, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

### Count III

### Declaratory Judgment under MCR 2.605

25.    Plaintiff incorporates by reference paragraphs 1 through 24.

26.    Defendants and or other agents of the Norwest Bank Loans must stop all actions of sale, assignment, collection or transfer and zero out all the Norwest Bank Loans per Case 04-1131-CK.

27.    Defendants and or other agents of the Norwest Bank Loans should be held to pay for all legal fees and costs incurred by Plaintiff for their actions in not following the Dismissal as found in Case 04-1131-CK.

20150413 00178897 027

28.     Defendants and or other agents of the Norwest Bank Loans repeated actions must be stopped against Plaintiff as they are barred under the Doctrine of Res Judicata per the Dismissal of Case 04-1131-CK

29.     Defendants and or other agents of the Norwest Bank Loans have repeatedly been requested to stop said action and have refused causing a dispute over this matter.

### Count IV
### Res Judicata

30.     Plaintiff incorporates by reference paragraphs 1 through 29.

31.     Plaintiff, Sean Hunter and Norwest Bank entered into a transaction for student loans.

32.     Norwest Bank and Plaintiff entered into a global settlement of the loans in 2005.

33.     Plaintiff paid a large amount of money to end this 04-1131-CK case, for it was to close out all the Norwest Bank Loans.

34.     Neither Plaintiff nor Norwest believed any other loans were outstanding after the global settlement on Case 04-1131-CK.

35.     Plaintiff never would have paid the settlement amount nor agreed to a settlement if Norwest did not consider this a final global settlement of Norwest Bank Loans.

36.     In fact, Norwest and Plaintiff's interactions after this global settlement, shows a history supporting this understanding.  Hunter never heard from nor was contacted by any parties until many years after this global settlement of the Norwest Bank Loans.  In the summer of 2011, Plaintiff again provided the global settlement of the Norwest Bank Loans via the 04-1131-CK case, for which again nothing was heard about the Norwest Bank Loans.  This happened several times until most recently in 2014, Hunter has been forced to take action due to the amount of money being taken in violation of the settlement of 2005 of the Norwest Bank Loans. In fact, in the past 5 years Hunter has been able to secure additional student loans (nearly $30,000) and was told during the application process he qualified for the loans because he was in good standing. Again, a confirmation of the global settlement.

37.     Norwest Bank, via their agents, and Plaintiff are the same parties as on  Case 04-1131-CK that was Dismissed with Prejudice.

5

# EXHIBIT "B"

20150413 00176897 022

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN | | SUMMONS AND COMPLAINT | CASE NO |
|---|---|---|---|
| 56th | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | | 15- 357 -CK |

Court address
1045 Independence, Charlotte, MI 48813

JANICE K. CUNNINGHAM (517) 543-7500    Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Sean Hunter | v | NCO Financial Systems, Inc. 507 Prudential Rd., Horsham, PA 19044; Hemar Insurance Corp of America 5120 South Solberg Ave., Sioux Falls, SD 57108 Norwest Bank South Dakota, NA 1301 N. Cliff Ave., Sioux Falls, SD 57103 |
| Plaintiff's attorney, bar no., address, and telephone no. James Hafke (P56656) Hafke Legal Services, PC 4170 Charlar Dr., Ste. Holt, MI 48842 (517) 482-3141 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 4/2/15 | This summons expires 7/2/15 | Court clerk Diana Bosworth |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in *EATON COUNTY* Court.
The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. 04-1131-CK | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Buckeye, AZ | Defendant(s) residence (include city, township, or village) Sioux Falls, SD; Horsham, PA |
|---|---|
| Place where action arose or business conducted Eaton County, MI | |

| Date March 30 2015  3/30/15 | Signature of attorney/plaintiff  James Hafke (P56656)  JAMES HAFKE |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113

**EXHIBIT**
**B**

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. 14-                    -C2 |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature _____ |
|---|---|---|---|---|
| $ |  | $ | $ | Name (type or print) _____ |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                                       Date

My commission expires: _____  Signature: _____
                                      Date                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                      Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____ .

Signature

# EXHIBIT "C"

## CT Corporation: Service of Process Instant Notification

Click Here to access this service of process in real-time at www.CTAdvantage.com

Mark Phariss
Mark Phariss
5085 W Park Blvd Ste 300
Plano, TX, 75093-2599

| | |
|---|---|
| **PROCESS SERVED IN:** | South Dakota |
| **FOR:** | NCO Financial Systems, Inc.  (Domestic State: PA) |

**NOTICE OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY**

| | |
|---|---|
| **TITLE OF ACTION:** | Sean Hunter, Pltf. vs. NCO Financial System, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint, Dismissal |
| **COURT/AGENCY:** | Eaton County - Circuit Court, MI, <br> Case # 15357CK |
| **NATURE OF ACTION:** | Violations of the Fair Debt Collection Practices Act and the Michigan Collection Practices Act |
| **PROCESS SERVED ON:** | C T Corporation System, Pierre, SD |
| **DATE/METHOD OF SERVICE:** | By Certified Mail on 04/13/2015 postmarked on 04/08/2015 |
| **JURISDICTION SERVED :** | South Dakota |
| **APPEARANCE OR ANSWER DUE:** | 21 days |
| **ATTORNEY(S)/SENDER(S):** | James Hafke <br> Hafke Legal Services, PC <br> 4170 Charlar Dr <br> Holt, MI, 48842 <br> 517-482-3141 |
| **SIGNED BY:** | C T Corporation System <br> 319 S. Coteau Street <br> Pierre, SD, 57501 <br> 503-566-6883 |
| **ACTIONS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 780495050377 <br> Image SOP <br> Email Notification, Michelle Lyon MLYON@SESSIONS-LAW.biz <br> Email Notification, Jessica Coleman jcoleman@sessions-law.biz <br> Email Notification, Marlene Mascari mmascari@sessions-law.biz <br> Email Notification, Rosanna Burch rburch@sessions-law.biz <br> Email Notification, April Herrera aherrera@sessions-law.biz <br> Email Notification, Shellie Potter spotter@sessions-law.biz <br> Email Notification, Diana Orellana dorellana@sessions-law.biz <br> Email Notification, Mark Phariss Mark.Phariss@egscorp.com <br> Email Notification, Jayna Montalvo Jayna.montalvo@ncogroup.com <br> Email Notification, Sharon Wander Sharon.wander@ncogroup.com <br> Email Notification, Alicia Brennan Alicia.brennan@ncogroup.com |

Access this Service of Process in real-time at
http://www.ctadvantage.com/WebApps/App/SOP/SOPUpdateVerifiedEmail.aspx?WorksheetId=526932704

Information displayed on this notice is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

Ⓒ CT Corporation  Ⓒ CT Corporation  Ⓒ CT Corporation



**EXHIBIT**

C

*EXHIBIT "D"*

### UNITED STATES DISTRICT COURT
### IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**SEAN HUNTER,**

      **Plaintiff,**

vs.

**NCO FINANCIAL SYSTEMS, INC.,
HEMAR INSURANCE CORP. OF AMERICA, and
NORWEST BANK OF SOUTH DAKOTA, N.A.**

      **Defendants.**

**Case No.**
**HON.**

_____/

### CONSENT TO REMOVAL

Without waiving any of its defenses or any other rights, ReliaMax Surety Company,

through its undersigned representative, hereby consents to the removal of the above-captioned

civil action from the 56th Judicial Circuit Court, Eaton County, State of Michigan to the United

States District Court for the Western District of Michigan.

Dated: May 8, 2015.

_____

Peter Shaw
CFO
ReliaMax
2300 East 54th Street North
Sioux Falls, SD 57104
Telephone: (605) 444-4894
E-mail: pshaw@reliamax.com



# EXHIBIT "E"

## STATE OF MICHIGAN
## IN THE EATON COUNTY CIRCUIT COURT

**SEAN HUNTER,**

      **Plaintiff,**

**vs.**

**Case No. 15-000357-CK**
**HON. JANICE K. CUNNINGHAM**

**NCO FINANCIAL SYSTEMS, INC.,**
**HEMAR INSURANCE CORP. OF AMERICA, and**
**NORWEST BANK OF SOUTH DAKOTA, N.A.**

      **Defendants.**

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant and Removing Party NCO Financial Systems, Inc. has this date filed a Notice of Removal of the above-captioned civil action with the United States District Court for the Western District of Michigan. A copy of the Notice of Removal is attached hereto as "Exhibit 1."

The removal of this civil action was authorized by 28 U.S.C. § 1441, and the Notice of Removal was filed pursuant to 28 U.S.C. § 1446. This Honorable Court is now precluded from conducting any further proceedings in the above-captioned civil action, unless and until the action should be remanded to this Court by the United States District Court for the Western District of Michigan.

COLLINS EINHORN FARRELL P.C.

_____

DEBORAH A. LUJAN (P46990)
Attorneys for Defendant NCO Financial
Systems, Inc.
4000 Town Center, Suite 909
Southfield, MI  48075
 (248) 355-4141
deborah.lujan@ceflawyers.com

Dated: May 11, 2015

2

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on May 11, 2015 a copy of the above and foregoing **NOTICE OF FILING NOTICE OF REMOVAL** was served by United States First-Class Mail, postage prepaid and properly addressed, and by e-mail upon the following counsel of record:

James Hafke
Hafke Legal Services, PC
4170 Charlar Drive, Suite 1
Holt, MI 48842
*Attorney for Plaintiff*

MYRA WALTON MYERS